■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD J. BROCK, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Clinton County, dismissing appellant's writ of habeas corpus after a hearing. Section 218 of the Correction Law expressly provides that a paroled prisoner charged with parole violation shall be given "an opportunity to appear personally, *but not through counsel or others*, before three members of such board of parole and explain the charges made against him." (Emphasis added.) The sole question raised here is whether this statutory proscription of any right to the assistance of counsel at parole revocation hearings is violative of either generalized concepts of procedural due process embodied in the Fourteenth Amendment or of the right to counsel in the course of criminal proceedings guaranteed by the Sixth Amendment and applicable to State action through the Fourteenth Amendment. The Court of Appeals and this department have not directly passed on this issue and it is thus one of first instance, at least for us. (See, *People ex rel. Ochs* v. *La Vallee*, 33 A D 2d 80 [decided herewith].) The results in the other departments would appear to be in conflict. The Fourth Department has held that due process was violated where a request of counsel to be present was denied by the Parole Board (*People*

*ex rel. Combs* v. *La Vallee,* 29 A D 2d 128, app. dsmd. 22 N Y 2d 857) at least under the circumstances of that case (cf., *People ex rel. Harris* v. *Mancusi,* 32 A D 2d 873, mot. for lv. to app. den. 25 N Y 2d 740, app. dsmd. 25 N Y 2d 647; *People ex rel. Rodriguez* v. *Mancusi,* 32 A D 2d 874, mot. for lv. to app. den. 25 N Y 2d 740, app. dsmd. 25 N Y 2d 647). But the Second Department has upheld constitutionality (*People ex rel. Smith* v. *Deegan,* 32 A D 2d 940), and so it would seem has the First Department (*Matter of Menechino* v. *Division of Parole, N. Y. City,* 32 A D 2d 761). The logic for both positions is compelling, but when we note that we are dealing here with a statutory enactment of the Legislature (and one which has been in its present form since 1929 [see L. 1928, ch. 485] and which, since the Fourth Department decision, has been revised without changing the provision in question [see L. 1968, ch. 203]), we are constrained to uphold constitutionality. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.